**UNITED STATES of America**

v.

**Larry Vincent GYSIN a/k/a Joseph Vincent.**

**Crim. No. 79–145.**

United States District Court, W. D. Pennsylvania.

Sept. 27, 1979.

**346**

Michael D. Foglia, Pittsburgh, Pa., for defendant.

William A. Webb, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

## MEMORANDUM

MARSH, District Judge.

The defendant, Larry Vincent Gysin, a/k/a Joseph Vincent, has been charged with violating the Travel Act, Section 1952, Title 18, United States Code, and the Controlled Substance Act, Section 841(a)(1), Title 21, United States Code. The defendant has moved to suppress the evidence involving a search of his suitcase and an enclosed attache case in Toronto, Canada, and statements made after his arrest in Johnstown, Pennsylvania. The defendant contends that the search of his luggage in Canada was (1) illegal, (2) violated his rights under the Fourth Amendment of the Constitution, and (3) was made without probable cause.

In our opinion, the motion to suppress should be denied.

On August 3, 1979, Steve M. Scott, employed by Eastern Airlines as a customs service agent in Toronto, observed several suitcases overflown from Pittsburgh to Toronto. It was routine for him to notify the United States Customs Office. Peter Siroskey, an inspector for the United States Customs Service, responded. It was his duty to examine bags to be taken to the United States by aircraft so that no further examination would be necessary in the United States when the owners claimed them. The purpose of the examination by United States Customs officials was to prevent introduction of contraband, narcotics and other restricted articles into the United States.

Mr. Scott opened the defendant's suitcase and Mr. Siroskey opened the attache case contained in the suitcase. The suitcase bore

a name tag of Joe Vincent, 9201 S.W. 106 St., Miami, Florida; the attache case bore a name tag of Larry V. Gysin, with the same address.

In the attache case were two brown paper packages enclosing a white powder in clear plastic. The powder was tested and found to be cocaine. The Royal Canadian Mounted Police were notified. Two constables took possession of the baggage.

The baggage was flown to Johnstown where the defendant picked it up at the Johnstown airport. He was arrested by Drug Enforcement Agent John Guseman and his *Miranda* rights were read to him. Defendant told Mr. Guseman he understood them.

The defendant was taken to Pittsburgh where Agent Guseman procured a search warrant to search the defendant's baggage. He searched the baggage and noted their contents.

■ Looking at all the facts and circumstances incident to the search of defendant's luggage, we find that the search was justified as a valid routine "border search." Where a border search is involved, the standard of probable cause does not apply. Border searches by their very nature are reasonable as a proper exercise of the sovereign's right to "protect itself by stopping and examining persons and property crossing into this country," *United States v. Ramsey*, 431 U.S. 606, 616, 97 S.Ct. 1972, 1978, 52 L.Ed.2d 617 (1977). See also *United States v. Himmelwright*, 551 F.2d 991, 993–994 (5th Cir. 1977); *United States v. Gonzalez*, 483 F.2d 223 (2nd Cir. 1973); 6 A.L.R.Fed. 317 (1971) and cases cited therein.

■ Since we have found that defendant was read his *Miranda* rights upon arrest in Johnstown on August 4, 1979, statements made to authorities subsequent to said arrest will not be suppressed.

Accordingly, defendant's motion to suppress will be denied. An appropriate order will be entered.